# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FRED WOOTEN,<br>Petitioner,<br>v.<br>SCOTT KERNAN, et al.,<br>Respondents. | Case No.: 17-cv-0094-AJB-WVG<br><br>**ORDER: (1) REJECTING THE REPORT AND RECOMMENDATION, (Doc. No. 13); AND**<br><br>**(2) DENYING RESPONDENT'S MOTION TO DISMISS THE HABEAS PETITION, (Doc. No. 8)** |

Before the Court is Respondent Scott Kernan's motion to dismiss Petitioner William Fred Wooten's petition for Writ of Habeas Corpus. (Doc. No. 8.) In the Report and Recommendation, the Magistrate Judge recommended granting Kernan's dismissal motion. (Doc. No. 13.) For the reasons stated herein, the Court **REJECTS** the R&R and **DENIES** Kernan's motion to dismiss.

## I. BACKGROUND

On January 17, 2017, William Fred Wooten filed a pro se petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2014 state conviction. (Doc. No. 1.) Wooten was released from state prison on either December 2, 2014, or December 4, for time served. (Doc. No. 14 at 6 (showing the date of Wooten's hearing as 12/2 but the date the judgment was signed and the sentence was pronounced on 12/4. Either way, Wooten was released as his "[p]re-confinement credits equal or exceed time imposed.").) Wooten,

however, was subject to three years of parole at the expiration of his term of imprisonment by statute, and was required to report to the CDCR Parole Office within 72 hours of his release. *See* Cal. Penal Code § 3000(b)(2)(B); (Doc No. 14 at 6.) Thus, Wooten is still on parole until at least December 2, 2017.

Kernan's motion to dismiss argued that Wooten's petition should be denied for lack of jurisdiction. (Doc. No. 8-1 at 2.) Particularly, Kernan alleges a lack of jurisdiction because (1) Wooten does not meet the "in custody" requirements of § 2254, and (2) Wooten's petition is now moot. (*Id.* at 2–4) The R&R agreed, finding the motion should be granted for the same jurisdictional issues. (Doc. No. 13.) Wooten objected to the R&R, arguing he is indeed in custody because he is on parole and that his case is not moot. (Doc. No. 14 at 2–3.)

## II. LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge *must* review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III. DISCUSSION

As a threshold matter, the R&R suggested Wooten should have filed his petition under § 2255. (Doc. No. 13 at 4–5.) However, the Court finds Wooten correctly filed under § 2254 because he is not attacking his federal sentence, but his state court convictions, and he is still in state court custody. *See Daniels v. United States*, 532 U.S. 374 (2001).

### A. "In Custody" Requirement Under Section 2254

Under § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

2

United States." 28 U.S.C. § 2254(a). Moreover, the Supreme Court has held that "once a conviction for a sentence has completely expired," a petitioner is not considered "in custody" for purposes of filing a Petition. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Section 2254's "in custody" requirements, however, "has not been restricted to situations in which the applicant is in actual, physical custody." *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). In *Jones*, the Supreme Court held that a petitioner who is still on parole under a state conviction meets the "in custody" requirements of § 2254 to challenge that state conviction for which he or she was paroled. *Id.* at 243–44. For purposes of bringing a habeas petition, the Ninth Circuit has held that a petitioner need only be "in custody" when the petition was <u>filed</u>—which Wooten was. *See Maleng*, 490 U.S. at 490 ("We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.").

In the present case, Wooten was released from state prison for time served on December 2, 2014, (or December 4), and, as stated twice on the Felony Abstract of Judgment form, he was ordered to report to the Parole Office. (Doc. No. 14 at 6 ¶ 4, ("Defendant ordered to report to local parole or probation office upon . . ."), and ¶ 8, ("Defendant ordered to report to the CDCR Parole Office at 765 3rd Ave, Suite 300, Chula Vista, CA 91942 within 72 hours.").) Under California Penal Code § 3000(b)(2)(B), an inmate is released on parole for three years "at the expiration of a term of imprisonment of one year and one day" if his or her "crime [was] committed on or after July 1, 2013." California Penal Code § 3000 applies to Wooten because he was released in 2014, and he committed a felony described within § 1192.7. *See* Cal. Penal Code §§ 3000(b), 3000.08(a). Accordingly, Wooten is still on parole until at least December 2, 2017.

Thus, Wooten is still in state custody for purposes of filing a petition under § 2254 to challenge his state court conviction, and, therefore, the Court has jurisdiction over the petition.

**B. Wooten's Claim For Relief Is Not Moot**

"For a habeas petition to continue to present a live controversy, after the petitioner's

release . . . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. Immigration and Naturalization Service*, 488 F.3d 1061, 1064 (9th Cir. 2007). The R&R, citing *Abdala*, argued that the only collateral consequence alleged—that his state court conviction enhanced his federal sentence—is insufficient to challenge his state court conviction under a § 2254 petition. (Doc. No. 13 at 6.) The R&R relies on the holding in *Daniels* and claims that the Supreme Court has barred the type of claim that Wooten asserts. (*Id.*)

*Daniels* held that a petitioner may not use a § 2254 petition to collaterally attack state court convictions which have been used to enhance a federal sentence when the prior convictions are no longer subjected to direct or collateral review. *Daniels*, 532 U.S. at 380–85. However, *Daniels* does not foreclose the ability to attack a state court sentence through "any channels of direct or collateral review still available" to a petitioner. *Id*. at 382. The Supreme Court stated if a petitioner is "still in custody on his prior convictions," he may "'attack his state sentences [in state court] or through federal habeas review.' If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence." *Id.* (quoting *Custis v. United States*, 511 U.S. 485, 497 (1994)). Further, the Supreme Court specified if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Id*.

*Daniels* is inapplicable to Wooten's case, however, because Wooten is still in custody for his state court convictions and eligible to bring a § 2254 petition. Thus, his petition is not moot because Wooten had a channel of review still available to him to attack his state court proceedings when he filed his § 2254 petition.

## IV. CONCLUSION

Thus, the Court **REJECTS** the R&R, (Doc. No. 13), finding that Wooten is in custody for § 2254 purposes and **DENIES** Kernan's motion to dismiss, (Doc. No. 8.). **IT IS SO ORDERED.**

4

Dated: November 16, 2017

_____
Hon. Anthony J. Battaglia
United States District Judge